UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY BORJAS,<br>　　　　Plaintiff,<br>　　v.<br>RALPH DIAZ, et al.,<br>　　　　Defendants. | Case No. 19-cv-02038-PJH<br><br>**ORDER DENYING *EX PARTE* MOTION FOR A TEMPORARY RESTRAINING ORDER AND INJUNCTION**<br><br>Re: Dkt. No. 2 |

　　　　Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff alleges that the integration of several groups on the prison yard at Correctional Training Facility ("CTF") will place him at risk of harm. Plaintiff argues that prison officials merged the prisoners in the Special Needs Yard ("SNY"), formerly known as protective custody, with the General Population ("GP") prisoners in December 2018. As a result of the merger, there was a "major riot" that resulted in "multiple injuries." Docket No. 1 at 3. He alleges that this "planned merger" "would place Plaintiff at serious risk of harm," *id.* Though, the merger has already occurred, and plaintiff does not appear to have been harmed. Plaintiff is a GP prisoner. Docket No. 2 at 2. For relief, plaintiff requests an injunction preventing the merger of SNY and GP prisoners and a declaration that defendants' actions violate his Eighth Amendment rights. Docket No. 1 at 3.[1]

　　　　This matter is now before the court for consideration of plaintiff's motion for a temporary restraining order ("TRO") and injunction prohibiting defendants and persons

---

[1] The complaint and motion for a TRO are virtually identical to at least ten other cases filed recently by prisoners at CTF. *See, e.g., Ruiz v. Diaz*, No. 19-cv-1928 LHK; *Alvarez v. Diaz*, 19-cv-1968 WHA; *Saenz v. Diaz*, 19-cv-2031 WHO; *Saucedo v. Diaz*, 19-cv-2032 SI.

acting on their behalf "from merging the SNY and/or STG Fresno Bulldogs with GP prisoners" at CTF. Docket No. 2 at 3.

A temporary restraining order preserves the status quo and prevents irreparable harm until a hearing can be held on a preliminary injunction application. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). A temporary restraining order is an "extraordinary remedy" that the court should award only when a plaintiff makes a clear showing that he is entitled to such relief. *See Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 24 (2008). The standards for a temporary restraining order are the same as those for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm that will result if an injunction is not issued, (3) the balance of equities tips in favor of the plaintiff, and (4) an injunction is in the public interest. *See Winter*, 555 U.S. at 20.[2] The irreparable injury must be both likely and immediate. *See id.* at 22; *Caribbean Marine Services Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief.")

Plaintiff is not entitled to a TRO or preliminary injunction to prevent the merger of the different prisoner populations.

First, the request to prevent the merger of the different prisoner groups appears to be moot because plaintiff alleges in his verified complaint that the merger occurred in

---

[2] *Winter* did not, however, completely reject the validity of the sliding scale approach to preliminary injunctions. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011). Under the "sliding scale" approach used in the Ninth Circuit – also dubbed the "serious question" test in *Alliance for Wild Rockies* -- "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Id.* at 1131. Thus, even after *Winter*, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* at 1132 (citations omitted).

2

1  December 2018.  *See* Docket No. 1 at 3.  Injunctive relief would not be able to prevent an
2  event that has already occurred.

3  Second, at least part of the dispute that forms the basis for the requested
4  TRO/injunction is different from the allegations in the complaint and would not be the
5  proper basis for interim relief.  A plaintiff is not entitled to injunctive relief based on claims
6  not pled in the complaint because the "court's equitable power lies only over the merits of
7  the case or controversy before it." *Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*,
8  810 F.3d 631, 633 (9th Cir. 2015); *see, e.g., id.* at 636-38 (district court properly denied
9  plaintiff's request for an injunction to prevent HIPAA violation, where plaintiff had not
10 asserted a claim for a HIPAA violation).  Plaintiff wants the TRO/injunction to include
11 preventing the integration of the Fresno Bulldogs "security threat group" into the GP at
12 CTF.  (A "security threat group" is the current term for what used to be referred to as a
13 prison gang.  *Hinojosa v. Davey*, 803 F.3d 412, 416 n.1 (9th Cir. 2015), *reversed on other
14 grounds by Kernan v. Hinojosa*, 136 S. Ct. 1603 (2016)).  But the Fresno Bulldogs are not
15 even mentioned in the complaint.  Not only are the Fresno Bulldogs not mentioned, the
16 integration of the Fresno Bulldogs into GP seems to raise a different issue than the
17 integration of the GP and SNY populations:  the SNY population appears to be prisoners
18 who are preyed upon, whereas members of a security threat group appear to be
19 prisoners who could prey upon others.  Plaintiff does not address this issue at all.  A TRO
20 or injunction is not proper to prevent the merger of the Fresno Bulldogs with the GP
21 population because the complaint does not allege any claim related to that merger or why
22 plaintiff would be at risk of harm.

23 Third, the evidentiary support for the requested TRO falls far short of showing that
24 irreparable harm is likely and imminent if interim relief is not granted.  Plaintiff's
25 declaration provides no specific information about any particular threat to him.  His
26 declaration indicates that he is a GP prisoner interested in avoiding trouble but does not
27 explain any specific threat to him individually posed by SNY prisoners being merged with
28 GP prisoners or the Fresno Bulldogs.  The only other declaration is from Kim McGill,

3

apparently a non-lawyer who works for the "Youth Justice Coalition." McGill's declaration does not show that she has any personal knowledge about the merger, prison operations, or the actual danger posed by the merger of GP and SNY inmates at plaintiff's prison. Docket No. 3. Plaintiff does not meet his burden to demonstrate that he will suffer immediate and irreparable injury without a TRO.

Finally, even if the foregoing problems did not exist, plaintiff does not show the need for a TRO without any notice to the defendants, who have not yet been served with process in this action. Federal Rule of Civil Procedure 65(b)(1) provides that a TRO can issue without notice to adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and the movant certifies in writing the efforts to give notice and the reasons why notice should not be required. These stringent requirements "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose*, 415 U.S. at 423. Plaintiff does not show that immediate and irreparable injury will occur if the court does not act before allowing defendants to be heard, nor does he provide any information about his efforts to give notice to defendants. His failure to satisfy Rule 65(b)(1) is fatal to his *ex parte* motion.

For the foregoing reasons, plaintiff's *ex parte* motion for a TRO or injunction (Docket No. 2) is **DENIED**. The underlying complaint will be reviewed in due course.

**IT IS SO ORDERED.**

Dated: April 24, 2019

PHYLLIS J. HAMILTON
United States District Judge

4

| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | NORTHERN DISTRICT OF CALIFORNIA |

TONY BORJAS,

    Plaintiff,

v.

RALPH DIAZ, et al.,

    Defendants.

Case No. 19-cv-02038-PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 24, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Tony Borjas ID: AW1071
CTF
P.O. Box 689
Soledad, CA 93960

Dated: April 24, 2019

Susan Y. Soong
Clerk, United States District Court

By:_____
Kelly Collins, Deputy Clerk to the
Honorable PHYLLIS J. HAMILTON